**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | | |
|---|---|---|
| IN RE | * | CASE NO. 19-51367 |
| | * | |
| J-H-J, INC., *et al.* | * | CHAPTER 11 |
| | * | |
| Debtors, | * | JOINTLY ADMINISTERED |
| | * | |
| SUPERVALU WHOLESALE OPERATIONS, INC. AS SUCCESSOR IN INTEREST TO SUPERVALU HOLDINGS, INC., FOR ITSELF AND OTHER ENTITIES AFFILIATED WITH SUPERVALU, INC. | * | ADVERSARY PROCEEDING NO. _____ |
| Plaintiff | * | |
| versus | * | |
| J-H-J, Inc., a Louisiana corporation; THG ENTERPRISES, LLC; BAKER PIGGLY WIGGLY, LLC, a Louisiana limited liability company; BR PIG, a Louisiana limited liability company; T&S MARKETS, a Louisiana limited liability company; TSD MARKETS, a Louisiana limited liability company; SV FOODS OLD HAMMOND, a Louisiana limited liability company; and SV FOODS JEFFERSON, a Louisiana limited liability company | * | |
| Defendants. | * | |

**COMPLAINT OF THE SUPERVALU ENTITIES TO ESTABLISH AND PAY CLAIM UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT**

Plaintiff, Supervalu Wholesale Operations, Inc. as successor in interest to Supervalu Holdings, Inc. for itself and other entities affiliated with Supervalu, Inc. ("Plaintiff"), for its

complaint against Defendants, and each of them, alleges and states as follows.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over this case pursuant to 7 U.S.C. § 499e(5) of the Perishable Agricultural Commodities Act of 1930 ("PACA") and pursuant to 28 U.S.C. §1334. Venue in this district and division is proper pursuant to 28 U.S.C. §1409.

2. This adversary proceeding relates to the administratively consolidated bankruptcy cases of the defendants (collectively, "Defendants"), which are as follows: JHJ, Inc. (19-51367), Lafayette Piggly Wiggly, LLC (19-51366), T.H.G. Enterprises, LLC (19-51368), SV Foods Old Hammond, LLC (19-51369), SV Foods Jefferson, LLC (19-51370), T&S Markets, LLC (19-51371), TSD Markets, LLC (19-51372), Baker Piggly Wiggly, LLC (19-51373), and BR Pig, LLC (19-51374).

3. As permitted by Rule 7008, Federal Rules of Bankruptcy Procedure, Plaintiff consents to the entry of final orders by this Court with respect to the matters at issue in this adversary proceeding.

4. Plaintiff is, and at all times relevant hereto was, a Delaware corporation.

5. Plaintiff is informed, and therefore believes and alleges, that defendant JHJ, Inc. is a Louisiana corporation with its principal place of business in Baton Rouge, Louisiana.

6. Plaintiff is informed, and therefore believes and alleges, that defendant THG Enterprises, LLC is a Louisiana limited liability company with its principal place of business in Baton Rouge, Louisiana.

7. Plaintiff is informed, and therefore believes and alleges, that defendant Baker Piggly Wiggly LLC is a Louisiana limited liability company with its principal place of business in Baker, Louisiana.

8. Plaintiff is informed, and therefore believes and alleges, that defendant Lafayette

Piggly Wiggly, LLC is a Louisiana limited liability company with its principal place of business in Lafayette, Louisiana.

9. Plaintiff is informed, and therefore believes and alleges, that defendant BR Pig, LLC is a Louisiana limited liability company with its principal place of business in Baton Rouge, Louisiana.

10. Plaintiff is informed, and therefore believes and alleges, that defendant T&S Markets, LLC is a Louisiana limited liability company with its principal place of business in Bogalusa, Louisiana.

11. Plaintiff is informed, and therefore believes and alleges, that defendant TSD Markets, LLC is a Louisiana limited liability company with its principal place of business in Lafayette, Louisiana.

12. Plaintiff is informed, and therefore believes and alleges, that defendant SV Foods Old Hammond, LLC is a Louisiana limited liability company with its principal place of business in Baton Rouge, Louisiana.

13. Plaintiff is informed, and therefore believes and alleges, that defendant SV Foods Jefferson, LLC is a Louisiana limited liability company with its principal place of business in Jefferson, Louisiana.

14. Defendants filed petitions for relief under Chapter 11 of the Bankruptcy Code on November 15, 2019 (the "Petition Date").

15. Plaintiff is informed, and therefore believes and alleges, that (1) Defendants are each owned, managed and controlled by Garnett C. Jones, Jr., and (2) Defendants have commingled and transferred assets amongst themselves, which assets may include money or property subject to a trust in favor of Plaintiff arising under the terms of PACA.

16. The Declaration of David L. Stueven ("Stueven Decl."), attached hereto as Exhibit 1, is submitted in further support of the allegations in this Complaint.

## GENERAL ALLEGATIONS

17. Plaintiff is, among other things, a supplier of fresh produce.

18. During November 2019, prior to the Petition Date, Defendants ordered fresh produce from Plaintiff, and Plaintiff delivered the fresh produce to Defendants. Defendants failed to pay Plaintiff for certain shipments of fresh produce received by Defendants in November, 2019 (the "PACA Merchandise").

19. The deliveries of the PACA Merchandise are evidenced by invoices, each of which was delivered to one or more of the Defendants.

20. The amounts owed by Defendants under these invoices are set forth on a summary of such invoices and the amounts due thereunder, which is attached to the Stueven Decl. as Exhibit "A.". (Stueven Decl., paragraph 6, and Exhibit "A", , thereto.

21. Instead of paying for the PACA Merchandise, Defendants filed their petitions under Chapter 11 of the Bankruptcy Code in this Court.

## COUNT I

**(Payment for PACA Merchandise Under Customer and Supply Agreements)**

22. Plaintiff incorporates by this reference paragraphs 1 through 29, inclusive, as if fully set forth in this Count II.

23. Defendants' purchase of groceries and merchandise from Plaintiff was, at all relevant times, subject to and governed by, among other things, a Customer Agreement dated as of April 10, 2009, and a Supply Agreement dated as of January 29, 2010, as subsequently amended and restated (collectively, the "Supply Agreement").

24. Under the terms of the Customer Agreement and the Supply Agreement,

4

Defendants are obliged to pay Plaintiff for all groceries and merchandise shipped to Defendants by, or on behalf of, Plaintiff, including, without limitation the PACA Merchandise.

25. Notwithstanding the requirements of the Customer Supply Agreements, Defendants have failed and refused to pay Plaintiff the amounts due on account of the PACA Merchandise.

26. Under the terms of the Supply Agreement, as well as the applicable invoices, Plaintiff is entitled to interest and attorneys' fees.

27. As a direct and proximate result of the failure and refusal of Defendants to make the required payments for the PACA Merchandise required by the Customer and Supply Agreements, Plaintiff has been damaged in an amount no less than $104,870.83, plus applicable interest and attorneys' fees.

## COUNT II

### (Account Stated)

28. Plaintiff incorporates by this reference paragraphs 1 through 21, inclusive, as if fully set forth in this Count 1.

29. Between November 1, 2019 and November 15, 2019, in a series of transactions, Plaintiff sold and shipped the PACA Merchandise to Defendants.

30. Defendants were provided with invoices along with each delivery of fresh produce. No objection was ever made by Defendants to any of such invoices. Stueven Decl., ¶ 10.

31. Such invoices, taken collectively or individually, represent and evidence an account stated as between Plaintiff and Defendants for the amounts set forth in such invoices, which total $104,870.83.

32. Such invoices entitle Plaintiff to interest at the highest amount allowed by law on all amounts past due as well as reasonable attorneys' fees incurred in collecting the amounts due

5

under such invoices.

33. Plaintiff made demand that Defendants pay for the fresh produce they received, but Defendants have failed and refused, and continue to fail and refuse, to pay Plaintiff for fresh produce purchased in the principal amount of $104,870.83.

34. Plaintiff has performed all conditions, covenants, and obligations required to be performed by it under the arrangements for sales of fresh produce to Defendants.

35. As a direct and proximate result of the failure of Defendants to remit payment due to Plaintiff as described above, Plaintiff has been damaged in an amount no less than $104,870.83 plus interest and recoverable attorneys' fees and costs.

## COUNT III

### (Enforcement of Statutory Trust Provisions of PACA)

36. Plaintiff incorporates by this reference paragraphs 1 through 35, inclusive, as if fully set forth in this Count III.

37. Plaintiff, at all times relevant hereto, was engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)] and was a valid PACA licensee.

38. The perishable agricultural commodities that are the subject of this action were purchased and sold in, or in contemplation of, the course of interstate and/or foreign commerce.

39. Pursuant to Sections 499e(c)(1)-(4) of PACA, upon receipt of the PACA Merchandise sold by Plaintiff to Defendants, Plaintiff became the beneficiary of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products derived therefrom.

40. Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Plaintiff is informed, and therefore believes and alleges, that it has performed and fulfilled all duties required to preserve its trust benefits in the principal amount of no less than $104,870.83, which is the value of all of which remains past due and unpaid.

41. Plaintiff is informed, and therefore believes and alleges, that Defendants, and each of them, are statutory trustees under PACA.

42. The PACA trust requires Defendants, and each of them, to hold and preserve all PACA-related goods, inventories, proceeds, and receivables in trust for the benefit of Plaintiff until full payment has been made to Plaintiff, and this responsibility continues after the Petition Date because PACA trust property did not become property of the respective Defendants' bankruptcy estates as of the Petition Date.

43. Plaintiff is informed, and therefore believes and alleges, that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Plaintiff because, among other things, Defendants have failed to perform the requirements of the foregoing statutory trust provisions, and have breached their fiduciary duties to maintain trust assets, all in violation of the provisions of PACA, 7 U.S.C. § 499(d)(4) and 7 CFR § 46.46 and all other pertinent regulations issued by the Secretary of Agriculture pursuant to PACA.

44. The statutory trust created by PACA gives priority to the interest of Plaintiff on all inventories of produce derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors or other persons or entities and because such property is not property of the Defendants' bankruptcy estates and the automatic stay in bankruptcy does not prohibit pursuit of such PACA trust property for satisfaction of Plaintiff's PACA claim.

45. Plaintiff is informed, and therefore believes and alleges, that during all relevant times, Defendants transferred or diverted trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under PACA to preserve the trust assets for the benefit of Plaintiff [7 C.F.R. § 46.46(c)].

## COUNT IV

### (Violation of PACA --Failure to Account and Pay Promptly)

46. Plaintiff incorporates by this reference paragraphs 1 through 45, inclusive, as if fully set forth in this Count IV.

47. Plaintiff has demanded that Defendants pay the amounts due on account of the PACA Merchandise, as described above. Despite these demands, Defendants have failed and refused to truly, correctly, and accurately account for, and make full payment of, the proceeds of the PACA Merchandise.

48. Defendants have therefore failed to perform their obligations to Plaintiff and have breached their duty to account and pay for the produce sold.

49. Plaintiff is informed, and therefore believes and alleges, that Defendants have diverted PACA trust assets among themselves and/or to third parties, all in violation of the provisions of PACA and pertinent regulations issued by the Secretary of Agriculture with respect to PACA.

50. As a direct and proximate cause and result of the wrongful acts and omissions of Defendants as alleged above, Plaintiff has suffered losses in the principal amount of $104,870.83 in net fresh produce sales proceeds due and owing to it and wrongfully withheld or wrongfully diverted by Defendants, plus interest and attorneys' fees.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

A. On Count I, for damages against Defendants, jointly and severally, in the total amount of $104,870.83, plus interest at the highest permissible rate from the date such obligations became due and payable;

B. On Count II, for damages against Defendants, jointly and severally, in the total amount of $104,870.83, plus interest at the highest permissible rate from the date such obligations became due and payable;

C. On Count III, requiring all Defendants, jointly and severally, to immediately account for and pay all PACA trust assets due to Plaintiff, in the total amount of $104,870.83, plus interest at the highest permissible rate from the date such obligations became due and payable;

D. On Count IV, requiring all Defendants, jointly and severally, to immediately account for and pay all PACA trust assets to Plaintiff, in the total amount of $104,870.83, plus interest at the highest permissible rate from the date such obligations became due and payable;

E. On all Counts, for interest, costs, and attorneys' fees in accordance with law;

F. On all Counts, for such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 9th day of March, 2020.

        */s/ Rudy J. Cerone*
        Rudy J. Cerone (La. Bar No. 14137)
        Heather LaSalle Alexis (La. Bar No. 31227)
        McGLINCHEY STAFFORD, PLLC
        601 Poydras Street, 12th Floor
        New Orleans, Louisiana 70130
        Telephone: (504) 596-2786
        Facsimile: (504) 910-9362
        rcerone@mcglinchey.com
        halexis@mcglinchey.com

        and

        George R. Pitts
        (Admitted Pro Hac Vice)
        Birch Horton Bittner & Cherot, P.C.
        1100 Connecticut Ave., NW
        Suite 825
        Washington, DC 20036
        Telephone: (202) 659-5800
        Email: gpitts@dc.bhb.com

        *Counsel for Plaintiff*

*2639123.2*